UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY TUCKER,

      Plaintiff,

v.                                                             Case No. 19-cv-228-pp

WARDEN SCOTT ECKSTEIN,
J. PERTTU, B. HOMPE,
C. O'DONNELL, and OWENS,

      Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), SCREENING PLAINTIFF'S COMPLAINT (DKT. NO. 1) AND DISMISSING CASE**

Gregory Tucker, a prisoner at Green Bay Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants denied him access to the courts. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

**I.    Motion to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee if they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee.

On February 22, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $25.83. Dkt. No. 5. The court received the fee on March 13, 2019. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee, and will allow the plaintiff to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Standard

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint, or part of it, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, district courts follow the principles in Twombly. First, courts "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. Second, if there are well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that 1) someone deprived him of a right secured by the Constitution or laws of the United States and 2) whoever deprived him of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B. The Facts in the Complaint

The plaintiff alleges that on August 23, 2018, he filed an inmate complaint asserting that he was being denied access to the courts. Dkt. No. 1. at 3. He explains that on August 24, 2018, defendant J. Perttu dismissed the complaint, indicating that (a) library times were scheduled on a rotating basis, (b) library time was considered a leisure activity under the administrative code and (c) the plaintiff should follow the procedure for obtaining a deadline pass. Id. The plaintiff says that defendant S. Eckstein (then the warden at Green Bay Correctional Institution) "upheld" the dismissal "under the false assertion that the complaint was about inadequate library time." Id. The plaintiff asserts that he filed an appeal with the prison complaint examiner, defendant B. Hompe, but that Hompe dismissed the appeal "under the same false assertion." Id. Defendant C. O'Donnell from the office of the Secretary of the Department of corrections "upheld" the dismissal of the appeal. Id. at 3-4.

The plaintiff asserts that since then, he has sent interview requests to the person who was prison librarian at the time, asking "to be granted a legal

3

deadline so that [he] could complete the research and writing of [his] state habeas corpus." Id. at 4. The plaintiff alleges that he has not received a response to his requests or any passes to go to the library, "other than the passes [he] receive[s] once a week every Monday." Id. The plaintiff contents that he is being "denied access to the library to research [his] issues," and thus that he is being "denied [his] right to access the courts." Id. He argues that he can't have meaningful access to the courts if he's allowed to go to the library only once a week. Id. He says, "[b]y dismissing my complaints and not responding to my requests for a legal deadline pass I am being denied my right to access to the courts." Id.

The plaintiff also says that "the excuse that [he] must be at work to be paid is not valid," because he works on a time clock for Badger State Industries, which means that every time he leaves the shop he has to punch out (and he doesn't get paid for the time he is punched out). Id.

The plaintiff seeks a declaration that the defendants have violated his constitutional rights and an injunction compelling the defendants to allow him "and any other inmate" a legal deadline "at least once, to do legal research on non-deadline cases." Id. at 5. Alternatively, he asks that the court require the defendants to allow inmates to request and check out at least five cases at a time for research purposes. Id. The plaintiff also seeks compensatory and punitive damages. Id.

 C. Analysis

The plaintiff does not explain what position J. Perttu holds at Green Bay, but his complaint is that Perttu denied him access to the courts by dismissing the inmate complaint he filed on August 23, 2018 alleging that he was being

4

denied access to the courts. His allegations against Eckstein, Hompe and O'Donnell also relate to the dismissal of that August 23, 2018 complaint—each of them supported the dismissal of the inmate complaint. The plaintiff's claims against these defendants are essentially claims against them in their capacity as inmate complaint examiners. Complaint examiners can be liable for violating a plaintiff's constitutional rights only if they fail to do their appointed tasks by, for instance, "routinely sen[ding] each grievance to the shredder without reading it" or "intervene[ing] to prevent the medical unit from delivering needed care might be thought liable." Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009) (citations omitted). "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609–10 (7th Cir. 2007).

The plaintiff has not alleged that any of these defendants prevented him from using the law library. In fact, the plaintiff says that Perttu advised him to use the process for obtaining a "deadline pass." The plaintiff has not stated sufficient facts to allow him to proceed on an access-to-courts claim against Perttu, Eckstein, Hompe or O'Donnell.

That leaves only defendant Owens, who was the prison librarian between the time the plaintiff's inmate complaint was dismissed and, it appears, the time he filed this lawsuit. The plaintiff says that Owens has not responded to his interview requests or given him passes for additional library time over the once-a-week pass he already has. "Prison officials have an affirmative duty to provide inmates with reasonable access to courts, which includes providing

5

access to adequate libraries . . . ." Martin v. Davies, 917 F.2d 336, 338 (7th Cir. 1990) (citation omitted). But "reasonable access does not mean unlimited access." Id. (citing Hossman v. Spradlin, 812 F. 2d 1019, 1021 (7th Cir. 1987)). "[T]he mere denial of access to a prison law library . . . is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). To state a claim for denial of access to the courts based on denial of access to the prison library, a plaintiff must first "show that prison officials failed 'to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries,'" and second must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation." Jenkins v. Lane, 977 F.2d 266, 268 (7th Cir. 1992) (quoting Bounds v. Smith, 430 U.S. 817 (1977) and Shango v. Jurich, 965 F.2d 289 (7th Cir. 1992)). A plaintiff does not state a claim for denial of access to the courts in "the absence of an actual or imminent injury—as opposed to a merely speculative future one . . . ." Marshall, 445 F.3d at 969-70.

The plaintiff has not alleged sufficient facts to pursue a claim against Owens for denial of access to the courts. It is not clear that Owens even has received the plaintiff's interview and library pass requests—the plaintiff says he's sent them but hasn't heard anything back. Even if Owens had received the plaintiff's requests, the plaintiff admits that he has access to the library. It just isn't as much access as he'd like. The plaintiff says he needs to go to the library

6

more frequently to complete his petition for *habeas corpus* relief. He does not say when that petition is due. He does not allege that he hasn't been able to meet deadlines because of limited access to the law library. In fact, at the end of the complaint, he asks the court to order the prison to allow deadline passes to inmates "at least once to do legal research on non-deadline cases." Dkt. No. 1 at 5. The plaintiff has not alleged any facts indicating that he is suffering anything more than an inconvenience in being allowed to go to the prison library only once a week. The court will not allow the plaintiff to proceed on a denial-of-access-to-courts claim against Owens.

Because the plaintiff has not stated a claim against any of the defendants for which this court can grant relief, the court will dismiss the case.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly. The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the $324.17 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number.

If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 22nd day of July, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**